FILED
2012 FEB 13 PM 2:06
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**JAMEIA MOON,**

**Plaintiff,**

**vs.**

**FRED MEYER JEWELERS, INC.,**

**Defendant.**

**No.** 3 12 0181
**Judge**
**Magistrate**
**JURY TRIAL REQUEST**

JUDGE CAMPBELL

## COMPLAINT

### I. THE PARTIES

1. Plaintiff, JAMEIA MOON, (hereinafter "Plaintiff"), is a citizen of the United States of America and a resident of Nashville, Davidson County, Tennessee.

2. Defendant, FRED MEYER JEWELERS, INC., (hereinafter "Defendant"), is a foreign Corporation, whose principle office is located at 3800 S E 22nd Avenue, Portland, Oregon 97202.

### II. VENUE AND JURISDICTION

3. This action arises under 42 U.S.C. § 2000 (e), *et seq*., (2003), Title VII of the Civil Rights Act of 1964, as amended ("The Act").

4. Venue is proper pursuant to 28 U.S.C. § 1391, due to the events giving rise to the claim having occurred within the Middle District of Tennessee, Nashville Division.

5. Plaintiff received her "right to sue letter" through the Equal Employment Opportunity Commission ("EEOC") on November 17, 2011.

## III. FACTS

6. On May 18, 2005, Plaintiff was hired by Defendant to work as a Jewelry Sales Specialist in its store in Bellevue Mall in Nashville, Davidson County, Tennessee.

7. In 2007, Plaintiff was transferred by Defendant to Defendant's store in Hickory Hollow Mall in Nashville, Davidson County, Tennessee.

8. In 2008, Plaintiff was transferred by Defendant to Defendant's store (known as Littman Jewelers) at the Cool Springs Galleria in Franklin, Williamson County, Tennessee.

9. Soon after her transfer to Defendant's store at Cool Springs Galleria, Defendant stated that they did "not need the little ghetto black girl from Hickory Hollow over here."

10. Defendant also made disparate comments about Plaintiff's ethnicity by stating Plaintiff was from "the hood."

11. Plaintiff, after gaining knowledge of Defendant's, no longer felt comfortable working at Defendant's store at Cool Springs Galleria.

12. The work environment for Plaintiff became very uncomfortable due to racially disparaging comments made by Defendant about Plaintiff.

13. Defendant also made disparaging comments about Plaintiff's race in the presence of Plaintiff.

14. Defendant, towards the end of Plaintiff's employment with Defendant, began harassing Plaintiff regularly regarding Plaintiff's attire, despite the fact that her attire adhered to the guidelines of Defendant's store.

15. Defendant also harassed Plaintiff regarding the times she clocked in and out of work using the store's time clock.

16. Defendant singled out Plaintiff by harassing her regarding her clocking in and out using the store's time clock and did not treat other employees the same with this alleged issue.

17. Defendant harassed Plaintiff by telling her that she could not wear here hair in its natural state, to wit, that Plaintiff "could not wear puffy hair."

18. Defendant told Plaintiff on several occasions that her hair was not professional in its natural state and that, while pointing at Plaintiff's all white co-workers, told Plaintiff that she needed to wear her hair more like them – her white co-workers.

19. Defendant's comments to Plaintiff regarding her hair resulted in Plaintiff's feeling that she was working in a hostile environment.

20. Defendant also told Plaintiff that she should change the way she spoke so that she would sound more educated and "not ghetto."

21. Defendant also told Plaintiff at their December 2009 hearing that she should take speech classes or work on her speech because people might stereotype her as being uneducated due to her then current form of speaking; that she should sound more like her white co-workers.

22. Unfortunately, Plaintiff continued to be harassed by Defendant.

23. Again, during the first week of January 2010, Defendant complained about and harassed Plaintiff about her attire.

24. Despite Plaintiff's attire being within the guidelines of Defendant's store, Plaintiff bought a suit upon Defendant harassing her.

25. When Plaintiff went into work on the day after the incident described in paragraphs 23 & 24, Plaintiff was told that she was being suspended for three (3) days without pay for the purpose of investigation.

26. Defendant telephoned Plaintiff on the third day of her suspension and told Plaintiff that she was being terminated for insubordination.

## IV. COUNT I

## VIOLATION OF THE CIVIL RIGHTS ACT OF 1964, § 701 ET SEQ. 42 U.S.C. § 2000 (e), ET SEQ., AS AMENDED

27. Plaintiff repeats and re-alleges each and every item and allegation above as if fully and completely set forth herein.

28. Plaintiff, an African-American female, is a member of a protected group and was so during the duration of her employment by Defendant.

29. Plaintiff performed her job for four (4) years and seven (7) months at a level that met or exceeded the legitimate expectations of her employer.

30. Defendant employer terminated Plaintiff's employment in early January 2010.

31. The facts in this complaint support, at the very least, an inference of discrimination.

**WHEREFORE, Plaintiff demands:**

1. For process to issue and to be served upon the Defendant, and for Defendant to answer pursuant to the Federal Rules of Civil Procedure.

2. For Count I, monetary damages including back pay, front pay, and benefits including interest, liquidated damages, and attorneys fees and costs in amount to be determined at trial, but in any event not less than $100,000.00.

3. For Count II, monetary damages including back pay, front pay, and benefits including interest, compensatory damages, punitive damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $100,000.00.

4. For a jury of twelve (12) to hear this cause of action.

5. For a bifurcated trial to determine the amount of punitive damages.

Respectfully submitted,

*/s/Joel R. Bellis*
**JOEL R. BELLIS, BPR# 027750**
Bellis & Associates, PLLC.
28 Public Square
Post Office Box 1212
Columbia, TN 38402
Telephone: (931) 223-8777
Facsimile: (931) 223-8889
attyjoelbellis@gmail.com
Counsel for Plaintiff